IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN BROWN, ) | |
| As Administrator of the Estate of ) | |
| Mathew Orsini, ) | |
|         Plaintiff, ) | Case No. 1:20-cv-251 |
| ) | |
|         v. ) | **District Judge Baxter** |
| ) | **Magistrate Judge Lanzillo** |
| ERIE COUNTY, et al., ) | |
|         Defendants. ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on August 27, 2020. The matter was assigned to the undersigned and referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff Dawn Brown is the Administrator of the Estate of Mathew Orsini and brings suit based on the death of Mr. Orsini while in the custody of Erie County Prison. At the time of his death, Mr. Orsini was a pre-trial detainee. The named Defendants are Erie County; Wexford Health Sources, Inc.; Medical Associates of Erie, Inc.; Diagnostic X-Ray Service, Inc.; Dr. Gary Peterson; and Dr. David Paul.

The operative complaint in this action is the Second Amended Complaint. ECF No. 50. In response to this pleading, Defendant Erie County and Defendant Diagnostic X-Ray Service filed motions to dismiss. ECF No. 53; ECF No. 58.

The dispositive motions were fully briefed by the parties and by Report and Recommendation, Magistrate Judge Lanzillo recommended that both motions be denied. ECF No. 69; ECF No. 71. Defendant Erie County has filed Objections to the Report and

1

Recommendation [ECF No. 72] and Plaintiff has filed an "Answer to Objections" [ECF No. 73]. No Objections to the Report and Recommendation have been filed by Diagnostic X-Ray Service.

In its Objections, Erie County faults the Recommendation for not analyzing whether the medical care provided to Mr. Orsini from the date of his intake at Erie County Prison up until his death violated his constitutional rights. As Erie County points out, much of the Report and Recommendation focuses on the County's knowledge of the continued violation of a contract that resulted in a reduced number of health care professionals on site at Erie County Prison.

While Mr. Orsini did receive medical care during his twenty-one-day detainment at Erie County Prison (and that care is recited in the Report and Recommendation), the legal claim against Erie County is a *Monell* claim in which the claimant must allege that the violation of his or her constitutional rights was caused by a policy or custom of the municipality. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). As part of stating a *Monell* claim, a plaintiff must identify a custom or policy and a policymaker within the defendant-entity. *Thomas v. City of Chester*, 2016 WL 1106900, at *3 (E.D. Pa. 2016) *quoting McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). On this point, Magistrate Judge Lanzillo found:

> Although the facts Plaintiff alleges in support of a pattern of constitutionally deficient care by the Erie County Prison and a policymaker's acquiescence in that pattern are less than overwhelming, Plaintiff's Second Amended Complaint minimally satisfies this pleading burden. It alleges that staffing reductions over a seven-year period and an ongoing lack of training resulted in dangerously inadequate medical care at the prison. The Second Amended Complaint also alleges facts sufficient to support an inference that County policymakers were aware of these deficiencies but allowed them to continue. These facts include the death of another inmate at the prison prior to Orsini's death due to similar inadequate care. Furthermore, viewed in the context of the additional facts alleged in the Second Amended Complaint, the County's acquiescence in fewer onsite hours by the physician medical director takes on greater significance. These additional facts support a plausible inference that County policymakers accepted this reduction at a time when they knew or clearly should have recognized that existing staffing and training were not adequate to meet the serious medical needs of prisoners and [pretrial] detainees.

ECF No. 69, page 14.

The undersigned agrees with the analysis of the Report and Recommendation. Plaintiff has met the minimal notice pleading standards to survive the motion to dismiss. The factual allegations about the medical treatment offered to Mr. Orsini are sufficient to lead to the inference that his constitutional rights were violated. And the allegations concerning the County are sufficient to state a *Monell* claim. Moreover, at the end of the day, a nineteen-year-old man with a medical history entered Erie County Prison as a pre-trial detainee and twenty-one days later, he died. At trial, it will be Plaintiff's burden to prove these factual allegations but she should be allowed to proceed through discovery in her attempt to do so.

After *de novo* review of the operative complaint and documents in the case, together with the Report and Recommendations and Objections thereto, the following order is entered:

AND NOW, this 28th day of March 2022;

IT IS ORDERED that the motion to dismiss filed by Defendant Diagnostic X-Ray Service [ECF No. 53] is denied.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendant Erie County [ECF No. 58] is denied.

AND, IT IS FURTHER ORDERED that the Report and Recommendations of Magistrate Judge Lanzillo, issued on November 10, 2021 [ECF No. 69; ECF No. 71] are accepted and adopted as the opinions of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge