IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| DAWN BROWN, AS ADMINISTRATOR OF THE ESTATE OF MATHEW ORSINI, DECEASED, | ) ) ) ) | 1:20-CV-00251-RAL |
| Plaintiff | ) ) ) | RICHARD A. LANZILLO CHIEF UNITED STATES MAGISTRATE |
| vs. | ) ) | JUDGE |
| WEXFORD HEALTH SOURCES, INC., MEDICAL ASSOCIATES OF ERIE, INC., GARY L. PETERSON, D.O.; AND DAVID PAUL, M.D., | ) ) ) ) ) | MEMORANDUM ORDER APPROVING STIPULATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST WEXFORD HEALTH SOURCES, INC., AND DAVID PAUL. M.D. |
| Defendants | ) ) ) ) | **IN RE: ECF NO. 137** |

Presently pending before the Court is a proposed stipulation dismissing all claims of Plaintiff Dawn Brown ("Brown"), Administratrix of the Estate of Mathew Orsini, against Defendants Wexford Health Sources, Inc. ("WHS") and David Paul, M.D. ("Paul"). Defendants Medical Associates of Erie, Inc. ("MAE") and Gary L. Peterson, D.O. ("Peterson") object to the Stipulation. For the reasons discussed herein, the Court will approve the Stipulation and dismiss Brown's claims against WHS and Paul but will reserve its decision whether WHS will remain on the verdict slip for purposes of apportionment of damages.

A. Background and Relevant Procedural History

Brown commenced this action on August 27, 2020. *See* ECF No. 1. The operative pleading before the Court is Brown's Third Amended Complaint, which was docketed on July 26, 2022. *See* ECF No. 93. Plaintiff's son, Mathew Orsini ("Orsini"), then nineteen years old, was a pre-trial detainee in the custody of the Erie County Prison from February 25, 2019, until his death on

March 18, 2019. *Id.*, ¶¶ 21, 46. Brown's Third Amended Complaint asserts a civil rights claim against the County of Erie ("County") pursuant to 42 U.S.C. § 1983 and medical negligence claims under Pennsylvania state law against Defendants Peterson, WHS, MAE, Diagnostic X-ray Services ("DXS"), and Paul (collectively, "Medical Provider Defendants"), each of whom is alleged to have had some involvement in providing medical services to Orsini at the Erie County Prison. As to the Medical Provider Defendants, Brown alleges that each provided care to Orsini that fell below the standard of care required under state law, thereby subjecting each to liability for medical malpractice under state law. *See id.*, ¶¶ 90-115. Each Defendant filed an Answer to the Third Amended Complaint. *See* ECF Nos. 94 (County); 95 (DXS); 96 (MAE and Peterson); 97 (Paul); and 98 (WHS). No Defendant asserted a cross-claim against another. All claims against the County and DXS were previously dismissed pursuant to separate stipulations and orders. *See* ECF Nos. 125 (County), 130 (DXS).

On February 8, 2024, Brown, WHS and Paul filed a Stipulation to Dismiss Brown's claims against WHS and Paul. ECF No. 137. On February 27, 2023, Defendants MAE and Peterson filed a response objecting to the Stipulation on the grounds that dismissal of MAE and Peterson as parties would prejudice their rights to seek the jury's apportionment of damages against them at trial. *See* ECF No. 139.

B. Discussion and Analysis

Based upon their settlement with Brown, WHS and Paul seek an order approving the stipulation dismissing Brown's claim against them with prejudice pursuant to Federal Rule of Civil Procedure 41(a).[1] Although Rule 41 refers to a plaintiff's voluntary dismissal of "an action," the

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), all remaining parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings, including the entry of final judgment. *See* ECF Nos. 144 (minute entry), 145 (reassignment order of Baxter, J.).

Court of Appeals for the Third Circuit has interpreted the rule to permit a plaintiff to voluntarily dismiss all claims against fewer than all defendants. *See Noga v. Fulton Fin. Corp. Emp. Benefit Plan*, 19 F.4th 264, 271 (3d Cir. 2021) (citing *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945); and 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (4th ed. 2020) (explaining that "the sounder view and the weight of judicial authority" are that Rule 41(a) permits dismissal of all claims against one party and does not require dismissal of all claims against all parties)). With certain exceptions, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed R. Civ. P. 41(a)(1). Where voluntary dismissal pursuant to Rule 41(a)(1) is unavailable, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed R. Civ. P. 41(a)(2). Because all Defendants have answered the Third Amended Complaint and MAE and Peterson refuse to stipulate to the dismissal of the claims against WHS and Paul, WHS and Paul seek an order approving the Stipulation of dismissal pursuant to Rule 41(a)(2). *See Protocomm Corp. v. Novell, Inc.*, 171 F. Supp. 2d 459, 470 (E.D. Pa. 2001). While Rule 41(a)(2) speaks only in terms of a "plaintiff's request" for an order of dismissal, Brown's joinder in the stipulation sufficiently complies with this requirement. *See Derrick v. Glen Mills Schools*, 2023 WL 2058683, at *1 (E.D. Pa. Feb. 17, 2023) (plaintiff and settling defendant filed "joint motion" under Rule 41(a)(2)).

Whether to grant or deny a motion under Rule 41(a)(2) is within the sound discretion of this Court. *See Sinclair v. Soniform Inc.*, 935 F.2d 599, 603 (3d Cir.1991) (citing *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir.1974)). The Rule's requirement that any order of dismissal be on "terms that the court considers proper" is primarily to prevent dismissals that would result in some

clear legal prejudice to a defendant.  *See Spring City Corp. v. American Bldgs. Co.*, 1999 WL 1212201, at \*1 (E.D. Pa. Dec. 17, 1999); *Environ Prod., Inc. v. Total Containment, Inc.*, 1995 WL 459003, at \*4 (E.D. Pa. July 31, 1995).  Put another way, "in considering whether to grant the [Rule 41(a)(2)] motion, the court must make certain that no other party is prejudiced by the dismissal." *Perez v. Borough of Berwick*, 2011 WL 5320747, at \*2 (M.D. Pa. June 14, 2011) (citing *Ferguson*, 492 F.2d at 28).

No cross-claims for contribution or indemnity are pending among WHS, Paul, MAE, or Peterson.  Nevertheless, apportionment or allocation of damages by the jury may be authorized pursuant to the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act 5 ("UCATA"), 42 Pa. Cons. Stat. §§ 8321-27, and/or the Pennsylvania Fair Share Act, 42 Pa. C.S. § 7102. *See, e.g., Piazza v. Young*, 2024 WL 898116, at \*2-3 (M.D. Pa. Mar. 1, 2024) (holding that "[a]lthough the Fair Share Act allows for the apportionment of liability to a released party, there is no absolute right to have settling co-defendants placed on a verdict slip.") (citations omitted).  Based on this authority, MAE and Peterson assert that they will be prejudiced by the dismissal of WHS and Paul as parties because this will deny the jury the opportunity to apportion damages to WHS and Paul and thereby reduce MAE and Peterson's responsibility.  WHS and Paul respond that forcing them to remain as Defendants would subject them to substantial costs and disruption, thereby denying them essential benefits of their settlement.

In this situation, the Court may approve the dismissal of one or more defendants while reserving its decision whether the dismissed defendants will appear on the verdict slip for a later time. *See Schell v. United States*, 2010 WL 11693694, at \*3 (W.D. Pa., Aug. 31, 2010) ("Therefore, the Court will dismiss the United States from the action, but determine whether the United States will be included on the verdict slip in order to allow for the apportionment of liability

4

among all defendants after all the evidence has been asserted at trial."). This is because "a trial court must determine whether any evidence of a settling co-defendant's liability exists before deciding whether to put that co-defendant on a jury verdict slip."[2] *Id.* (quoting *Rapchak v. Haldex Brake Prod. Corp.*, 2016 WL 3752908, at *4 (W.D. Pa. July 14, 2016).

Here, it is too early to determine whether the settling Defendants should appear on the verdict slip for purposes of apportioning liability. *See Rapchak*, 2016 WL 3752908, at *5 ("From the Court's perspective, it is too early to determine whether [the settling co-defendant should appear on the verdict slip ... Before the Court can make that determination, it must be in a position to evaluate the sufficiency of the evidence presented *at trial.*") (emphasis in original). *See also Rhoads Industries*, 2022 WL 612662 at *4, and *n.4 ("courts have commonly considered that the 'appropriate time for determining a settled co-defendant's liability is after the evidence has been presented at trial.'") (collecting cases); *Riley v. Upper Allegheny Health Sys.*, 2019 WL 5291332, at *1 (W.D. Pa. July 11, 2019).

Therefore, the Court hereby approves the proposed Stipulation, dismisses Brown's claims against WHS and Paul with prejudice, and terminates them as active parties to the case but defers any determination whether WHS and Paul will be included on the verdict slip for purposes of

---

[2] Such evidence must be sufficient to support a prima facie case against a settled co-defendant, while a "profound lack of evidence" against a settled co-defendant will preclude the inclusion of that party in the final apportionment of damages. *Hyrcza v. W. Penn. Allegheny Health Sys., Inc.*, 978 A.2d 961, 968 (Pa. Super. Ct. 2009) (quoting *Herbert v. Parkview Hosp.*, 854 A.2d 1285, 1289 (Pa. Super. Ct. 2004)). In deciding a settled co-defendant's alleged liability, a court may consider facts presented by "either side." *Rapchak*, 2016 WL 3752908, at *5. *See also Rhoads Indus., Inc. v. Shoreline Found., Inc.*, 2022 WL 612662, at *3 (E.D. Pa. Mar. 1, 2022).

allocation of damages until a proper record is before the Court at trial or otherwise.[3] *See, e.g.,*

*Schell*, 2010 WL 11693694, at *3.

      DATED this 8th day of July, 2024.

                              BY THE COURT:

                              RICHARD A. LANZILLO
                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that the deadline for the filing of expert reports has passed and there appears to be no report filed to support that Paul's care deviated from the applicable standard of care.  Thus, it appears unlikely that the record will support including Paul on the verdict slip for apportionment of damages.